Carolyn McRae is here for the appellant Lusk. Javier Sinha is here for the United States. And Ms. McRae, you may begin your argument. Good morning and may it please the court. Caroline McRae with the Federal Defender's Office on behalf of Mr. Lusk. The district court aired in this case when it enhanced Mr. Lusk's guideline range under guideline section 4b 1.5 subsection a the enhancement for repeat and dangerous sex offenders against minors based on his prior Florida conviction for traveling to meet a minor after soliciting a parent or guardian. The application of this enhancement requires a categorical approach and in order to determine whether or not the prior Florida conviction is valid the prior the Florida statute must not be overbroad and that it must not criminalize conduct that goes beyond the meaning of a prior sex offense. When looking at the plain text of the guideline it is clear that it that this analysis requires a categorical approach because the plain text calls for an enhancement where the instant offense of conviction was committed subsequent to sustaining at least one sex offense conviction. So Ms. McRae, your opposing counsel says that Bright-Weiser dictates a contrary result here. Can you tell me why or why not that is? Yes, Your for the circumstance-specific approach that the government now advocates for. Instead what Bright-Weiser did was apply a earlier understanding of the modified categorical approach that the Supreme Court has rejected in DeKalb and what the court rejected in DeKalb is that if there is a statute that criminalizes some conduct that would qualify for an enhancement and some conduct that would not the court cannot look beyond the fact of the conviction unless they are Do you think that Bright-Weiser is binding? I guess that's my first question although I think I agree with everything you just said there but is it even binding on us? No, Your Honor. Why not? Because it's been undermined to the point of abrogation by DeKalb. What this court held in Archer was that where there's a Supreme Court case that's clearly on point that sets forth a new standard then the prior panel precedent is undermined to the point of abrogation and that's what we have here. DeKalb is clearly on point. It's dealing with a categorical approach which is what Bright-Weiser said that it was doing. It said that the same statute or is it ACCA? Well, the Archer case dealt with the Armed Career Criminal Act. It did not deal with a guideline which is what we're dealing with in Mr. Lusk's case. The Bright-Weiser case did not actually deal with this guideline. The way that the government... Is that the distinguishing quality? In other words, Bright-Weiser certainly dealt with what is it 2246A or I'm sorry B1 and B2 or at least some version of it but it didn't deal with the as I understand it the 4B 1.5 little a little whatever or A1 and it didn't deal with a commentary that then refers you to then that statute for which it does deal with. What do we do with that when we deal with binding precedent or not? How does that work? Well, Your Honor, I would suggest that applying Bright-Weiser which as the enhancement under 2247, applying it in this case to a guideline case would actually be an extension of that precedent which would be inappropriate where the clear reasoning of that precedent is is undermined. The reason that it's undermined is when you look at the Bright-Weiser decision, it relied on four cases. It relied on the Supreme Court's case in Taylor and then the 11th Circuit cases that it relied on were Spell, Fulford, and Krawczak and none of those cases actually called for a circumstance-specific approach. All of those cases dealt with situations where it was trying to determine what other information the court could look at as they described it before Mathis looking beyond the conviction. What did Bright-Weiser say? Because Bright-Weiser actually said you can look beyond the conviction but you can't have a mini trial. What you can do is look at what? It was the plea colloquy that the defendant and Bright-Weiser had engaged in. That was true in that that was one document that was relevant there but it actually gave a list of documents that you're allowed to look at for the underlying to determine what the underlying conviction was about, right? But again, Your Honor, what I think that I believe that that is correct, Your Honor. What is that list? Tell us what that list is. How about I read it to you so you don't have to go do that. Thank you. It says this court is held, following the 10th Circuit, this court is held that a sentencing court may only examine certain easily produced and this is all talking about the underlying conviction. The judgment of conviction, charging papers, plea agreement, sentence report adopted by the court in the underlying case and the findings of a sentencing judge and then it extends in that case to the plea colloquy. Are any of those at issue here? Your Honor, they're not because we should be applying the categorical approach. Even if we applied Bright-Weiser on its face, even assuming it applies, assuming it's law that binding on us. In this case, did we look at those the underlying conviction? No, Your Honor, because the district court did not apply a circumstance-specific approach. The district court applied the categorical approach that both parties advanced below. I agree with that and that gets to an invited error issue that I want to discuss with you, but that's that's separate for the moment. I'm asking you, in looking at the documents that it was allowed to look at, or for us in looking at the documents, if we're bound by Bright-Weiser, are any of those documents in this record for us to determine what the underlying conviction was about? No, Your Honor, the only, no. Yeah, I don't think so either. So, on its face, it seems that Bright-Weiser would be difficult for us. Right now, if we had the underlying judgment of conviction, charging papers, plea agreement, that might be a different story, but we don't seem to have those things. As best as I can tell, we have, I think it's paragraph 44 and docket entry 62, which is the PSI, which indicates what the arrest report says and the arrest report isn't one of the documents that is stated in Even looking at that PSI paragraph, it sets forth that there was a dispute between the parties in this underlying Florida case, because although there were accusations in the police report, Mr. Lusk denied that the purpose of the travel was for a sexual purpose. Let me ask you this, if you had gone below and had argued the categorical approach, and then came to us and argued to us a circumstance approach, whatever the law may be, what is the first thing that this Well, your honor, I'm not sure what the court would say first, but I think that the first concern would be... You're an experienced attorney, what do you think we would say under those circumstances? Not your first rodeo. I think the first concern would be whether or not it was properly preserved, but this is... So let's look at it the opposite way. So here, the government clearly argued categorical approach, as best as I can tell below. So did you, so did the district court. In other words, everyone assumed the categorical approach applied, and then we get here and we're told, no, no, no, that's not really how you're supposed to do it. A case we didn't bother to tell the district court about indicates that we need to apply the circumstance-based approach. What do we do with that? Well, your honor, at best, I think if you were going to determine that a circumstance-specific approach applied, then you would need to remand for the district court. But it was up to the government to establish this enhancement applied before the district court, and so if there are, if there is information that the court finds is lacking, that's to the government's detriment that they did not introduce. Is there an invited error doctrine of some sort with regard to the government telling us this is the approach we have to do, the district court doing it, and then coming here and saying the exact opposite? I believe there may be, your honor, yes. I'm not sure. I'm asking. I honestly don't know. Even without the invited error, though, I think that this court should still rule in Mr. Lusk's favor, because I do not think that Bright-Weiser is controlling in the case, and I do believe that it has been undermined. You just suggested that if we agreed with you that it needed to be a circumstantial approach rather than a categorical approach, we should remand for the district court to consider that in the first instance. If the court were not going to consider that this was invited error, yes. The fact that a the text of subsection A by contrasting it with the text of subsection B of the same guideline, that second portion of the guideline calls for a different enhancement that applies when the defendant has engaged in a pattern of activity involving prohibited sexual conduct, and so the sentencing commission with these two different subsections has clearly demonstrated an ability to call for a categorical approach under one enhancement versus a fact-specific approach under the other enhancement. Is there another circuit, so assuming no precedent, or assuming Bright-Weiser is limited to 2247 but doesn't deal with 4B 1.5, in other words, because it's not a guideline case, doesn't deal with the guidelines, is there another circuit that's dealt with this in the first instance that you think is persuasive for how we should approach it? Yes, Your Honor, they were cited in our briefs. I believe that Wickerink is one of the decisions. I believe that that's a Fifth Circuit case, but there are other Wickerink, though, applied the modified categorical approach similar actually to what Bright-Weiser suggests that we do. I don't, that doesn't seem to be your position, right? Isn't your position closer to the Third Circuit one in Dahl to say that this says conviction or offense where the Supreme Court has said conviction or offense, we apply the categorical approach unless there's a divisibility problem? Yes, Your Honor, I believe Dahl would have been the better case for me to answer with, but even when you're discussing the difference between the modified categorical approach and the categorical approach, the modified categorical approach is just a tool to apply the categorical approach. It still is a focus on what were the actual elements of the conviction, not the underlying conduct that was either accused or litigated. It still is just about determining what were the actual adjudicated elements of this prior conviction. I see that my time has expired. Thank you. All right, thank you, Ms. McCrae. We'll hear from the government. Mr. Sinha. Good morning, Your Honors, and may it please the Court. Javier Sinha on behalf of the United States. As this Court recognized in Smith, the Bright-Weiser applies here because section, Guidelines Section 4B 1.5a and its commentary point this Court to Section 2426. There's a lot of layers before we get there. In other words, you're right. Nothing you just said was incorrect as a general matter, but there's a lot of layer of language before we get to what Bright-Weiser was actually interpreting, and that includes 4B 1.5a1, which says that we look to, three things have to happen, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction. So we have to determine that language of what it means to be subsequent to one, at least one sex offense conviction. We determine the definition of sex offense conviction by looking to the commentary, Note 3, and that says that sex offense conviction means any offense described in that statute, not the statute, but an offense described in that statute if the offense was perpetrated against a minor and does not include trafficking, receipt, or So how can we say that Bright-Weiser may be persuasive for what we should do, but how can we say it's binding on us when you have all this other language that was not at issue in Bright-Weiser? So Bright-Weiser, of course, interprets Section 2426, which the guidelines commentary points you to. But after all the other language, like 50 words have to happen before we get to, and look at there. I think the commentary, the only thing I think it really adds is that it has to involve a minor. It says, no, it says an offense described in. It doesn't say, so it tells us to mean offense, which the Supreme Court has told us time and again means categorical, right? You can't dispute that. I think the court actually has gone both ways on this. In Nijuan v. Holder and in Hayes, the court said offense there meant a circumstance. Right, but that's because it was a specific circumstance that can only be determined based on a fact that you looked at behind. In other words, it couldn't be determined categorically. We don't have that situation here, but even if those were there, you then have to look at sex offense conviction, subsequent to a sex offense conviction in the underlying text of the guideline itself. So you have three layers of looking at either conviction or offense before you even get to what Breitweiser said to 2246B, one in two men, right? I think that's correct, yes. I guess I'm having, if that's correct, and I agree it is, it's a hard time for me to understand how we would say, again, not as a persuasive, that Breitweiser is binding on us. That we have no choice that is directly on point to the issue that we are deciding here. So I think Smith recognized it as binding, and of course that case isn't binding on you all, but I think it's notable, it's persuasive precedent that it was binding. There's certainly a panel that didn't hear oral argument, that didn't dive into it to the extent that we have, that said that. You're right. I think in the commentary, the word offense probably means circumstance-specific approach, because first of all, it points to 2426, which this court has said is circumstance-specific. It also discusses the fact that it has to involve a minor, which is okay. So has it said is circumstance-specific, so let's assume for the moment, I still haven't got a great answer to my first set of questions, but let's assume Breitweiser applies to us. How is your opposing counsel wrong to say that what Breitweiser doesn't say, okay, apply a circumstance approach. What it seems to say is you are allowed to go behind, unlike our normal rule, the underlying conviction. You're not to have a mini-trial, and you can only go behind it to the extent of certain documents, right? Yes, correct, yes. Do we have any of those documents here for the underlying conviction? We have two of them. Breitweiser mentions the PSR, which we have. Okay, it mentions the PSR for the underlying conviction, not the PSR in the comparator conviction, right? I think it just says that the court can look to certainly easily produce documents, one of which is the PSR. Right, but I mean the context of that, because it's talking about a judgment of conviction, charging papers, plea agreement, those are all things from the underlying conviction. It wouldn't say here are all the things you can do from the underlying conviction and a PSR for something that happened four years later. That can't be right, can it? I think the PSR often includes information about prior convictions that the courts adopt. It does, and it does here, but that only reflects what the arrest report said, and the arrest report is not what we now call a Shepard document, right? Correct. I think that would matter if this were a divisible categorical approach type situation. This is actually a circumstance-specific approach situation, and so I don't think – Tell me where it says that you were to apply a circumstance-specific approach in Breitweiser. Where does it say that word? As I read it, and I've read it now many, many times, what I understand it to say is the normal rule is this, you only look at the conviction. In certain circumstances where there is an ambiguity or where it indicates that you looked at circumstances, then you can look at other documents, and only these. And only these for the purpose of determining which of A, B, or C that the defendant actually committed, right? That's what it says. I'm not sure that's right. I think Breitweiser says, and I'm looking at the Westlaw here on page – I'm not sure what page this is – but it says, look to the record to determine whether or not his or the defendant's prior conduct or crime triggers a sentence enhancement. So it certainly mentions conduct. I think the term circumstance-specific comes from later Supreme Court cases, so Breitweiser wouldn't say those words, but Breitweiser does discuss a prior conduct or crime. Right. It says that you do that where it indicates the guideline you're focusing on indicates conduct approach. But then it says what to do. It says – and so, again, I'm assuming that this indicates a conduct-based approach. What it says to do is you can look behind the conviction only at these documents. And I'm wondering, again, taking that at its face, assuming Breitweiser is binding on us, where we have those documents in this case. So I think we have the PSR. Maybe we disagree on that. That's your best – the PSR is your best argument. And the district court made findings based on the PSR that the defendant below didn't challenge. And so I think – But the findings of the sentencing judge are, again, that's referencing the underlying conviction, right? Correct. They're based on the PSR, yes. Right. But the underlying conviction, it's not based on – it's the sentencing judge and the underlying conviction that we're concerned with, not a sentencing judge four years later in a different jurisdiction, right? I'm not sure that's right, Your Honor. I think district courts that are applying sentencing enhancements have to make findings to determine whether that enhancement applies. And they can do that using the facts in the PSR. Easily produced and evaluated court documents, meaning in the past documents from before, have to include prior documents, not documents that were created in this case. Again, like, don't read this as a appellate court. Read this instructions to a district court. A district judge isn't going to have a PSR that's adopted because it hasn't been adopted yet in the middle of the sentencing. A district court is not going to have set findings of a sentencing judge because he or she hasn't made findings yet. Those are inherently in the past, right? I think it would be helpful if there were those things from a prior judge, but I don't think that's what's required, necessarily, to make a determination. This circuit has held that a sentencing court may only examine certain documents? You don't think that's a requirement? You don't think only indicates the exclusion of everything else? I think this court does including judgment of conviction, charging papers, and plea agreements. I think other documents could be easily produced. You could have a police report, but we don't have that here either. The PSR is based on the police report. We don't have the police report itself. It wasn't in the record in the case, but the PSR was based on that. I think this court discusses those documents to avoid what the court has called a mini-trial, but I don't think it has to be these exact documents, or all of a sudden the circumstantial approach isn't applicable here. I'm sorry, I apologize because I don't have the PSR with me, but where does it say in the PSR that that information is based on the police report? Paragraph 42, I think. Paragraph 44, yeah. It says, according to Putnam County Sheriff's Office arrest affidavit, and then it goes on to describe the crime there. I think those are easily produced and verifiable documents, and I think if there's a debate about what the conduct was below, that's a debate that can happen at the district court level during the sentencing hearing. You agree, though, in general, a police report is not a Shepard document, right? I agree. It wouldn't work for Shepard, but it certainly works for the circumstance-specific approach required here, and if there's a question about the facts, a defendant can raise that in the sentencing hearing, and the district court judge can make findings there. That's an interesting thought, so let's go there. The reason it wasn't raised is because no one ever brought this up in front of the district court, did they? No, but we never discussed the circumstance versus categorical. How does the district court know to make findings and to do the work that you're talking about if the government, who has the burden here, doesn't say, Judge, you're required to do this. Here's the evidence from the prior conviction, which indicates exactly what happened here, and so do your circumstance-based approach based on our reading of Breitweiser, and there you go. What do we do with that? That didn't happen in this case, and we regret not doing that more clearly before the district court fellow here, but in the usual case... I want to tell the district court judge that, but okay. But in the usual case, when the circumstance-specific approach applies, if defendants want to challenge the facts here, they can. The government can, of course, carry its burden of showing the facts here, justify the circumstance-specific... No, but you have the initial burden to show the facts, but what you argued was you don't have to do that, Judge. You didn't say it this way. When I say you, I know you weren't the one there, but the government didn't say that because what it said is this isn't a fact-based case. It's a categorical case. How is that not just a waiver or an invited error or however you look at it to exactly what's happening here? I just don't understand how that's fair to the defendant, that's fair to the district court, and frankly, how that's fair to us, how nobody knew this other than the first time we're here. We have lots of doctrines that deal with the first time an argument is raised here. How do we... what do we do with that? So, two points on that. I think the first is invited error wouldn't apply here because we didn't ask the court to apply a categorical approach. We refuted the defendant's statement that the categorical approach was over... the state statute was overbroad here. We never asked the court to apply this. And, of course, we're not asking for a reversal. The invited error is designed to avoid a situation where someone asks the court to do action X and then comes before the court of appeals and says action X was actually incorrect for some reason. The standard rule is that this court can affirm on any grounds in the record, and that's designed to avoid needless remands and needless waste of judicial resources. And so if the record is... But there's still a... you're right, but there's still a preservation element in that, and generally what that is is if the government raises three issues, the district court rules on one, and we don't agree on one, we could look at two and three. But there's still a preservation element under that, isn't there? Sorry, I'm not sure I understood. Right. So if an issue was never raised, the alternative issue that you're arguing here was never raised below, that's still a preservation problem. You're right that we can affirm on any basis, but we normally do so where the alternative was raised below. So in this case, judge, for five reasons, you should impose this guideline. District judge relies on reason one. Defendant appeals, and you say, yeah, okay, reason one may not be right, but you should affirm on reasons two, three, four, and five. But that still has to be raised, right? I think it has to be raised for someone who's asking this court to reverse or to vacate. But if you're asking to affirm, I think this court can affirm on any grounds, especially for a legal question like this where there's no need for a district court additional... It isn't just a legal question, because then it gets... So you're right, I think that if it's just a matter of law, we have to get the law right. That's certainly our obligation. But there's a factual component here of what exactly was given to the district court in applying a circumstances-based approach. And your opposing counsel up here said, even if we agreed with you, we have to send this back for a fact-finding, because the district judge never had the opportunity to apply a circumstances-based approach, right? I'd make two points. I think this remand is not necessary here, because on docket 72, page A, which is also on our brief at page 7, the district court says that Lusk, quote, communicated with a legal guardian of a minor for the purpose of participating, or at least attempting to participate, in prohibited sexual conduct with a minor. I think that's enough factual finding to find. I know, but the first sentence of... I have exactly where you're reading from here. The first sentence is... Well, other than all right. The first sentence is, I'm going to overrule the objection at this point. I think conducting a categorical approach to the relevant statute, which is da-da-da-da-da, that offense would qualify. I mean, the predicate for that statement that you read is that I'm doing a categorical look at this. So that's what... How do we not have to give the district court the opportunity to apply the right law? We wouldn't object to that. If this court reiterates that the... So that's what puts us in this is an affirm. This puts us in the box that you said is different, which is, this is not just an affirm for an alternative reason. This is a reversal for the alternative reason. And that puts us in a different category. I think it would be a vacature and remand instead of a reversal. What? I'm sorry? A vacature and a remand versus a reversal. And I think that this court wants to reaffirm that the circumstance-specific approach applies here and send it to the district court to apply the circumstance-specific approach. We wouldn't object to that. I understand that, and I appreciate that. And I think that's the right call, if we go down that road. But my point is, going back to our earlier discussion, that puts us in the preservation issue. Because as you articulated, you affirm on any basis there doesn't need to be preserved below, especially on an issue of law. I think that's exactly what you said. But this is not what we're doing. If it's an issue of law on what the right approach is, we have to reverse or vacate. So then we're in an issue where don't you have to preserve? I think we've uniformly argued that Section 4B.1.5a applies to... Right, but not that the court needed to apply a categorical approach. In fact, the response to the PSI objections and at the hearing wasn't the government's position that applying the categorical approach you would reach this conclusion, right? Correct. We simply... The defendant's only argument below was that enticement of a minor's parent or legal guardian was not a federal crime. And so we simply responded to that one small objection. We didn't go through an in-depth analysis, I think, of the statute or the federal statutes either. And so we've categorically maintained that this guidelines enticement applies to this defendant. So I think that preserved our argument in this case. Thank you, Mr. Salano. Thank you, Your Honors. Ms. McRae, you've reserved some time for rebuttal. This court should reject the government's attempt to breathe life back into Breitweiser by citing the only other 11th Circuit case that they cite to in support of that is Smith, which is, as the court noted, an unreported decision. It was also released pre-de camp. And what you look at when you look at Breitweiser and the actual analysis that the court went through at that time, it set up this false dichotomy. The false dichotomy that the court set up was between the court's prior decision in Fulford versus Spell and Taylor. So this is at pages 1254 to 1255 of Breitweiser where it's discussing and contrasting, saying that the analyses in these cases are different. And what Breitweiser says is that although Fulford is a case where the categorical approach must be applied because the enhancement statute required the proof of the elements of the prior offense, Breitweiser stood up Spell and Taylor to be a separate situation where the court could look beyond the conviction when the sentence enhancements are based on... Wasn't the difference between when you're looking at elements versus when you're looking at conduct? Isn't that the reason why there was that discussion? That's how Breitweiser frames its discussion, but Taylor and Spell do not actually call for... But you understand that we're bound by the analysis in this case in terms of you can't say that it's incorrect. It is under de camp. What de camp said is that Taylor was... Yes, Your Honor. And this is why it's abrogated. Because Breitweiser believed that Taylor and Spell were cases that did not call for the categorical analysis and instead allowed courts to look beyond the judgment of conviction. But the analysis was based on a difference between when you're looking at something that is... You're looking at the elements versus when you're looking at conduct. Because in this case the enhancement applies to conduct does not apply to elements, correct? In this case I believe it applies to elements, Your Honor, that it's a straight categorical approach that should be applied to this enhancement. But what I'm saying is that the government's attempt to rely on Breitweiser to say that you look at conduct instead, that you can see that Breitweiser has been undermined because of the fact that Breitweiser claims that Taylor and Spell did not deal with the circumstance or did not deal with the categorical approach and instead allowed courts to look beyond, but that's not the case. When you look at Spell the Eleventh Circuit remanded to the District Court in order to determine whether the defendant had pleaded guilty to burglary of a dwelling or burglary of a structure. But the remand that was done was still for the District Court to look at the elements that the defendant pled to, not the conduct that he admitted to or that was alleged in the case. And it's the same thing with Taylor. So even though Taylor at the end of the decision discusses this narrow range of cases where you can go beyond the statute in order to try to determine if it was part of the statute that actually was, would commit, I'm sorry, would not be overbroad compared to the enhancement statute, that was still that was clarified and the cases that interpreted that to mean that you can go beyond the fact of conviction if the statute's ambiguous was rejected in Dig Camp. So this language that Breitweiser talks about how if the statute's ambiguous some violations of the prior conviction would qualify, some would not so we should be able to go beyond it to determine the facts. Dig Camp made clear you can only use that modified categorical approach in order to effectuate the purpose of the categorical approach. So it's not to go back and try to determine from this ambiguous statute did the defendant's conduct happen to qualify or not happen to qualify. It's still about going back and looking at what the actual litigated elements were in the case, what did the jury necessarily have to find or what did the defendant elementally admit to in this prior offense and did that make it fall within the generic offense or over breadth. And so that's why Breitweiser cannot survive Dig Camp because none of the cases that it relies on are actually doing what it says that it's doing. All of those decisions are these pre-early formulation of an understanding of the categorical approach where courts thought that they could go back and try to determine what the underlying conduct was. But you cannot do that under the categorical approach or the modified categorical approach and Dig Camp has made that clear. As the court noted to the extent that the government is arguing that the district court should have applied a fact specific approach that would not just be a legal question it would be applying facts to the legal question and it was the government's duty before the district court to set forth both the factual and legal basis for the enhancement that Mr. Lusk objected to. And because they failed to do that, this court should reverse the decision. I see that my time has expired. Thank you Ms. McCray. We have your argument. Thank you Mr. Sinha.